# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROMINENT GMBH, et al, | ) |
| | ) Civil Action No. 2:16-cv-01609 |
| Plaintiffs, | ) |
| | ) |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| PROMINENT SYSTEMS, INC., | ) ECF No. 167 |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

This case was filed on October 21, 2016. On June 15, 2018, Plaintiffs filed a Motion for Default Judgment. That Motion was denied. ECF No. 144. On July 1, 2019, Plaintiff filed a Renewed Motion for Default. ECF No. 167. The Motion will be denied for the reasons set forth below.

### I. PROCEDURAL BACKGROUND

This case has a somewhat tortured history. Initial counsel for Defendants missed numerous discovery deadlines and was generally non responsive. In addition, the case was reassigned to visiting Judge Ponsor on September 26, 2017. A Motion to Disqualify Counsel was filed on January 31, 2018. ECF No. 73. A hearing on both motions was held on February 2, 2018. Judge Ponsor ruled that the Court would not impose sanctions at that time but any failure to respond to discovery by April 1, 2018 "may trigger substantial sanctions, including monetary sanctions, or other relief including default judgment." ECF No. 74. A Certificate of Compliance was filed by Defendant on April 1, 2018. ECF No. 77.

Shortly thereafter, current counsel entered their appearance and former counsel withdrew. ECF Nos. 79, 80 and 81. The initial Motion for Default followed on June 15, 2018. The case was transferred back to the undersigned July 12, 2018. ECF No. 103. The Court conducted a *Poulis* analysis and, finding that a majority of the factors weighed in favor of the Defendant, denied the motion. ECF No. 144.

Since then, discovery has been ongoing and contentious. The present motion was filed while a Second Motion to Compel Answers to Interrogatories and Requests for Admission was pending against Plaintiffs. This Motion was subsequently granted in part and denied in part; with all but 2 of the 14 requests to compel additional and/or satisfactory responses granted in favor of Defendant. ECF No. 186.

## II. ANALYSIS

Plaintiffs' argument forming the basis for the default begins with a hearing on February 1, 2018 regarding its motion to compel discovery responses from Defendant. Following this hearing, new counsel for Defendant promised production but did not follow through. This caused Plaintiffs to file the first motion for default. They argue first that as of the date of filing this Motion, Defendant has not corrected allegedly false interrogatory responses. Second, at a hearing on March 28, 2018, counsel for Defendant represented that there was no additional evidence to produce. This was followed by a production on June 28 of that year of 2,600 pages of documents. Plaintiffs aver that a majority of these documents are "irrelevant order forms." ECF No. 168 at 10. They further aver that the production as made in an attempt to "bulk up" the document production and suggest good faith compliance when in fact, there was bad faith. In sum, Plaintiffs rely upon a continued dilatory nature of Defendant's conduct in renewing their Motion for Default.

Defendants counter that Plaintiffs have been every bit as "dilatory" if not more so, and cite to various issues in their responsive brief. ECF No. 178. They importantly point out that there are no pending motions to compel discovery, nor are there pending orders compelling discovery that have not been complied with. In addition, discovery is still open and the Court notes that this is in part due to the fact that Plaintiffs did not properly respond to 30(b)(6) questioning and the Court has ordered them to provide additional written discovery responses. In addition, Defendant's Motion to Compel Plaintiffs to provide discovery was recently granted. ECF No. 186.

The majority of the conduct complained of in this Motion was reviewed by the Court when it decided Plaintiffs' first Motion for Default. That motion was denied, and the reasons set forth in that opinion are incorporated into this opinion. ECF No. 145. The Court will not re-entertain those issues at this time. As to the allegations of dilatoriness in providing discovery responses since, Plaintiffs have chosen to move directly into nuclear option of default, while skipping over the normal preliminary procedures such as motions to compel discovery. *See Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 869 (3d Cir. 1984) ("Dismissal must be a sanction of last, not first, resort."). The Court believes that it could deny this Motion on that basis alone but will conduct a legal analysis nonetheless.

The Third Circuit in *Poulis* set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). In determining whether a dismissal is warranted, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits." *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019). Consideration of these factors follows.

1. The extent of the party's personal responsibility

The issue of consequence here is the response to a deposition question as to whether all documents relevant to the discovery requests were searched for and produced. Defendant's President testified that he and another employee did the document searches. According to Plaintiffs the responses were less than adequate. The Court believes that this issue was covered in the prior motion. There may be some personal responsibility here; however, as discussed in detail in the prior ruling, there was an email server crash and a number of documents were lost. Defendant hired Bit-x-Bit to try to retrieve documents and produce them. Defendants have expended money to retrieve the responsive documents and they have been produced. In fact, according to Plaintiffs, too many documents have now been produced. This factor is resolved in favor of Defendant.

2. Prejudice to the adversary

In *Poulis*, prejudice was found to exist where the plaintiff did not conduct discovery, the adversary was required to prepare and file motions to compel answers to interrogatories, and the plaintiff did not file a pre-trial statement as required. Prejudice to the adversary is a substantial factor in the *Poulis* analysis; but like any other factor, it is not dispositive. *Hildebrand*, 923 F.3d. at 134. "Relevant examples of prejudice include 'the irretrievable loss of evidence[] [and] the

inevitable dimming of witnesses' memories.'" *Id.* (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). In this case, there have been discovery issues on both sides of the v. Since the Court's decision on the first Motion for Default, no motions to compel were filed by Plaintiff. We are still in the process of awaiting Plaintiffs' responses to the grant of Defendant's Motion to Compel and the possibility of additional depositions of Plaintiffs' 30(b)(6) deponents due to prior issues. If Plaintiffs believe that Defendant's productions are not complete, they need to identify exactly what documents are missing, confer with counsel and if the issue is not resolved, file a motion to compel.

The Court finds that this factor weighs in favor of Defendant.

3. <u>A history of dilatoriness</u>

There is no doubt that, prior to current counsels' entry of appearance in mid-April there was a history of dilatoriness and Defendant has admitted as much. "While extensive delay may weigh in favor of dismissal, 'a party's problematic acts must be evaluated in light of its behavior over the life of the case.'" *Hildebrand*, 923 F.3d at 135 (quoting *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994)). Thus, where a plaintiff has not been previously delinquent the weight given even a long delay should be mitigated. *Id.* In this matter, the Court finds that, although there was delay in the outset of the case, that behavior has not continued throughout. It will weigh this factor in favor of Defendant.

4. <u>Whether the party's conduct was willful or in bad faith</u>

As explicated above, there is no evidence that the Defendant itself acted willfully or in bad faith. There is no evidence that Plaintiffs will have to proceed to trial without crucial documents. The Court does not find that the testimony of Mr. Scorpio regarding the document production evidences bad faith. The second specific issue involves testimony of Mr. Tran that

5

contradicted previous interrogatory answers. Plaintiffs argue they "struggled for months to obtain accurate, verified responses to interrogatories…." ECF No. 168 at 21. Yet the Court has not seen one motion to compel such responses. Plaintiffs ask in the alternative that certain portions of responses to interrogatories be stricken to accord with Mr. Tran's testimony, as highlighted in ECF No. 168 - 7. As discovery responses are not filed in federal court there is no record of these answers to interrogatories other than what was filed by Plaintiffs in this motion. Therefore, the Court does not see the utility of ordering anything "stricken." Defendant's responsive brief admits that the testimony of Tran, provided subsequent to the Interrogatory Responses, does contradict the responses. ECF No. 17 at 14. That testimony will stand as the evidence and discovery response of Defendants.

Plaintiffs further complain that discovery has been provided in "dribbles." Again, discovery is still open and there is no evidence of bad faith. The Court finds that this factor weighs in favor of Defendant.

5. <u>Alternative sanctions</u>

Plaintiffs argue that default is appropriate because Defendants are not correcting their errors and the situation is getting worse. The Court does not find this to be borne out by the record. Plaintiffs ask that, in the alternative, Defendants be precluded from introducing any information that has not been produced as of the date of the June 2019 production. First of all, if Defendant discovers documents, it is under a duty to produce them. Second, discovery is not closed. Third, if documents are produced after June 2019, Plaintiffs may come forward with specific evidence of bad faith regarding the "late" production and the Court will consider it.

It has long been the view of this Circuit that dismissal is a sanction of last resort. *Carter v. Albert Einstein Med. Cent.*, 804 F.2d 805, 807 (3d Cir. 1986), *Emasco Ins. Co. v. Sambrick,*

834 F.2d 71, 75 (3d Cir. 1987), *Hoxworth v. Binder, Robinson & Co., Inc.* 980 F.2d 912, 922 (3d Cir. 1992). Default is reserved for extreme cases and the Court does not find this case to qualify.

    6.  <u>Meritorious of the claim or defense</u>

Plaintiffs argue that they have a strong case of infringement and Defendant has no viable defense. Defendant, of course, strongly disagrees. The Court finds no basis to conclude that the defense to this trademark infringement action lacks merit.

To summarize, the majority of the *Poulis* factors weigh against the entry of a default judgment in Plaintiffs' favor. Therefore, Plaintiffs' Renewed Motion for Default will be denied. A separate Order will be entered.

Dated: August 16, 2019                                                         BY THE COURT:

                                                                                                 Lisa Pupo Lenihan
                                                                                                 United States Magistrate Judge