# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROMINENT GMBH, *et al.*, | Civil Action No. 16-1609 |
| Plaintiffs, | |
| v. | Magistrate Judge Lisa Pupo Lenihan |
| PROMINENT SYSTEMS, INC., | ECF No. 170 |
| Defendant. | |

# **MEMORANDUM OPINION**

A Motion for Sanctions was filed by Plaintiffs on July 3, 2019. ECF No. 170. The Motion will be denied for the reasons set forth below.

I.    PROCEDURAL BACKGROUND

This Motion follows a Motion to Compel by Defendants and a Renewed Motion for Default by Plaintiffs. In the present Motion, Plaintiffs are seeking sanctions against the Defendant, its prior counsel and its current counsel.

Plaintiffs move for sanctions against

1) Defendant and prior counsel Romero for costs associated with their motion to compel filed November 8, 2017, ECF No. 66;

2) Defendant and current counsel Sneath for false interrogatory responses;

3) Against Sneath for Plaintiffs' costs associated with responding to Defendant's Motion to Stay, ECF No. 94;

4) Defendant and Sneath for Plaintiffs' costs associated with responding to Defendant's Motion to Compel, ECF No. 105; and

5) Defendant and Sneath for Plaintiffs' costs associated with processing and reviewing the approximately 2600 pages of documents produced by Defendant on the evening of June 28, 2019.

ECF No. 171 p. 6.

A brief in opposition to the Motion was filed by prior counsel Romero on July 15, 2019. ECF No. 176. A brief in opposition was filed by Defendant and current counsel on July 17, 2017. ECF No. 177. Plaintiffs advised at the telephone conference on August 8, 2019, that if the Court grants their Motion for Partial Summary Judgment, they would be willing to withdraw this Motion. However, since discovery is still ongoing, and Defendants will not be filing a response to that motion until late October due to ongoing discovery, and since there is no guarantee that the Motion for Partial Summary Judgment will be granted, the Court will address this Motion now.

II. ANALYSIS

**1. Request for Sanctions against Defendant and prior counsel Romero for costs associated with their motion to compel filed November 8, 2017, ECF No. 66**

In their original Motion to Compel at ECF No. 66, Plaintiffs also requested sanctions against Defendant. The Court, at that time visiting Judge Ponsor, did not impose sanctions but stated that "any failure to respond fully to discovery by April 1, 2018, as ordered, may trigger substantial sanctions, including monetary sanctions, or other relief including default judgment." ECF No. 74 at ¶ 8. Plaintiffs are now arguing that Defendant and attorney Romero did not

comply fully with that order and are now requesting monetary sanctions. Plaintiffs' argue that, in contravention of the Court's Order dated February 2, 2018, Defendant has still not provided full and accurate discovery responses. This is based primarily on the fact that Mr. Tran, Defendant's representative, testified in his deposition contrary to two Answers to Interrogatories. Plaintiffs believe that the interrogatory answers should have been revised as a result thereof. Since they were not revised, both Defendant and attorney Romero, should be sanctioned.

Fed. R. Civ. P. 26(g)(3) provides a potential basis for the imposition of sanctions on counsel or a party where a certification violates Rule 26.

> (3) *Sanction for Improper Certification*. If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Defendant responds that this Motion is based upon Plaintiffs November 2017 Motion to Compel which motion was denied. It further argues that to the extent any deficiency exists, a deficiency notice and request for amendment would be the better course.

The Court does not approve of inaccurate responses to discovery. However, it appears that Mr. Tran was forthright in his deposition and there is no evidence that he intended to provide false information in the interrogatory responses. These responses were prepared when attorney Romero was counsel for Defendant. Current counsel advises that he was not aware of the discrepancy until receiving the present motion. ECF No. 177. Attorney Romero responds that his office prepared the discovery responses in the presence of an officer of Defendant who later verified the responses. ECF No. 176. Mr. Tran testified in his deposition that these certain responses were answered incorrectly. Romero seems to indicate that this may have been a miscommunication but denies any misconduct. The Court does not see any evidence of

misconduct. This was either a mistake by Defendant or by counsel. It has now been corrected. The Plaintiffs do not allege that they have occurred expenses or attorney's fees caused by this discrepancy. They appear to be linking the discrepancy back to the earlier Motion to Compel filed in 2018. Judge Ponsor denied sanctions in 2018 and the Court does not see any reason to reverse that ruling due to these discrepancies. This is a matter that should be resolved by a conference between counsel and a revision to the Interrogatory Responses.

2. **Request for Sanctions against Defendant and current counsel Sneath for false interrogatory responses**

This is the same issue raised above in Section 1 but is requesting sanctions against Attorney Sneath for failing to correct the Interrogatory Responses. Defendant argues that, while the interrogatory responses may not have contained all relevant information, neither of the answers were actually false. Whether they were or not, there is no evidence of intentional lying as Mr. Tran was very forthright during his deposition. The Court does not see that Plaintiffs have been prejudiced by this error, as the correct information was provided by Tran during his deposition and it is not as though the case is on the eve of trial or that Plaintiffs took action on the basis of the allegedly false interrogatory responses. This is a matter that should be resolved by a conference between counsel and a revision to the Interrogatory Responses.

3. **Request for Sanctions against Sneath for Plaintiffs' costs associated with responding to Defendant's Motion to Stay, ECF No. 94**

Plaintiffs move for costs in connection with responding to Defendant's Motion to Stay and Motion for an Extension of Time to Respond to the Default Motion filed in June 2018. ECF Nos. 904 and 97. The Court denied the Motion to Stay and granted the extension of time. ECF Nos. 100 and 101. Plaintiffs further argue that Attorney Sneath's practice of filing multiple

motions, specifically at ECF Nos. 94, 97 and 114, is an example of vexatious litigation conduct that should be sanctioned under 28 U.S.C. § 1927. That section provides:

> Any attorney or other person admitted to conduct cases in any Court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

Plaintiffs argue that the intent of the Stay Motion as well as the Motion for Extension was to delay the case. In addition they argue that numerous discovery motions have been made by Defendants since Attorney Sneath entered his appearance.

Defendant responds that it had a good faith basis for filing each of these motions. And that while the Court denied the Motion to Stay it did grant Defendant an extension of time to respond to the Motion for Default which was eventually denied as well. Defendant states that it will not relitigate those motions on the merits. This is the Court's opinion as well. All of these issues are now behind us and the goal now is to move this case forward.[1] The Court does not see a basis to award sanctions for discovery motions that were, in large part, granted. The Court initially ruled that Plaintiffs 30(b)(6) witnesses were not responsive to questioning and that additional information needed to be provided either via interrogatory or further depositions and that Plaintiffs had to provide revised responses to both Interrogatories and Requests for Admission. ECF Nos. 156, 186. The Court does not find that counsel's conduct resulted from bad faith and therefore declines to impose sanctions. *Ferguson v. Valero Energy Corp.*, 454 Fed. Appx. 109, 111- 112 ( 3d Cir. 2011), *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995).

---

[1] The Court notes that Plaintiffs, while complaining of multiple and vexatious motions, have themselves filed two motions for default judgment, the second of which was coupled with this motion for sanctions raising primarily the same issues. This has also caused Defendants to file multiple responses to motions.

4. **Request for Sanctions against Defendant and Sneath for Plaintiffs' costs associated with responding to Defendant's Motion to Compel, ECF No. 105**

Plaintiffs ask for costs in connection with responding to the Defendant's Rule 26(a) Motion filed in July 2018. This involved an issue of production of documents pursuant to Rule 26(a) disclosures. Defendant responds that the motions were filed out of the necessity to obtain documents in preparation for depositions and notes that the Court granted the Motion to Compel in part. ECF No. 138.

As the Court has held in prior opinions, Defendant's original counsel dropped the ball in failing to timely make these requests. New counsel was attempting to represent his client to the best of his ability. The Court does not find that behavior to have been in bad faith or vexatious. If a court awarded costs every time a party lost a motion there would be constant fee shifting which is not the policy of the American legal system. The Court is also at a loss to understand why we are trying to relitigate issues raised over a year ago.

5. **Request for Sanctions against Defendant and Sneath for Plaintiffs' costs associated with processing and reviewing the approximately 2600 pages of documents produced by Defendant on the evening of June 28, 2019**

Plaintiffs ask for costs for processing and reviewing 2600 pages of documents produced by Defendant on June 28, three months after telling the court that there were no additional documents to produce. In support of their argument, Plaintiffs cite to the Court's statement at an October 15, 2018 conference, "Nothing is ever going to be over in this case because we can't come to agreement on anything…." ECF No. 141 at 27. What Plaintiffs omit is that the Court's comment was not directed solely at Defendant but to Plaintiffs as well. Defendant responds that the document production was made following a search utilizing 40 keyword search terms that were submitted by Plaintiffs. Defendants agree that many of these documents are voluminous

and somewhat duplicative, including sales invoices and related business records however, they were provided pursuant to Plaintiffs' specific search terms.

In sum, many of the matters raised in this motion are dated and have been previously ruled upon. The Court also refers to its Memorandum Opinion on the Renewed Motion for Default which addresses many of these issues. ECF No. 188. It does not see a basis for sanctioning Defendant under Fed. R. Civ. P. 37, 28 U.S.C. § 1927, or any other authority. The goal now is to conclude discovery as propounded by Defendant on Plaintiffs and decide the pending Motion for Partial Summary Judgment.

Therefore, Plaintiffs' Motion for Sanctions will be denied. A separate Order will be entered.

Dated: August 22, 2019                                   BY THE COURT:

 

_____
Lisa Pupo Lenihan
United States Magistrate Judge